[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON NONSUIT
FACTS
The plaintiff in the instant case, Henry D. Marcus, is an attorney at law licensed to practice in the state of Connecticut. On December 8, 1993, Attorney Marcus brought a negligent action against the defendant, CT Page 5974 Tina M. Pascoe. That negligence action concerned an automobile collision which occurred at the intersection of Sherman Street and Farmington Avenue in the City of Hartford. Initially Attorney Marcus was represented by Attorney Richard Hayber an attorney employed in Mr. Marcus' office. On October 17, 1994, Mr. Marcus filed a pro se appearance in lieu of the appearance of Attorney Hayber.
The litigation was delayed for a considerable period of time because of the personal bankruptcy of the defendant, Tina Pascoe. After numerous proceedings in State and Federal Court, the plaintiff obtained the right to proceed with the suit to the extent of Ms. Pascoe's insurance coverage. Any personal obligation that she might have to him was discharged in bankruptcy.
Attorney Marcus appearing pro se and Attorney Anthony Santacroce appearing for Ms. Pascoe, but paid by her insurance carrier, picked a jury of six members and two alternates during the week of April 24, 2000. At the conclusion of jury selection on April 26, 2000, the plaintiff disclosed proposed testimony and reports of Melville Roberts, M.D., Sidney Cramer, M.D. and Robert Berland, M.D. These experts had never been previously disclosed although the defendant had posed interrogatories on February 4, 1994. Following jury selection, the plaintiff moved for a continuance which was denied by the Honorable John J. Langenbach acting in the capacity of Presiding Judge-Civil for this particular matter.
After hearing arguments on May 2, 2000, this court excluded the late disclosed experts pursuant to Practice Book Section 13-4(4). The court also excluded certain other evidence because it found the defendant prejudiced by late disclosure.
Attorney Marcus argued on his own behalf that during the time that the matter was pending he had two personal injury negligence matters pending in the Superior Court in Hartford. He claimed, and the court has no reason to disbelieve him, that he instructed his secretary to answer discovery motions but that she mistakenly answered the motions in the wrong file. Claiming that the failure to disclose was inadvertent, Attorney Marcus argued that he should be allowed to call the witnesses notwithstanding disclosure on the eve of trial.
Recognizing Judge Langenbach's denial of a continuance, this court felt obligated to exclude the proposed experts. At that point Attorney Marcus announced that he could not effectively try his case without the experts and that he was going home and would refile the case under the Accidental Failure of Suit Statute. The court informed Attorney Marcus in open court that if he did not proceed to trial the court would CT Page 5975 nonsuit him pursuant to Practice Book Section 17-19. Apparently relying on Ruddock v. Burrowes, 243 Conn. 569 (1968), Attorney Marcus indicated that he believed that he had the right to refile his action under the Accidental Failure of Suit Statute, Section 52-592, notwithstanding a disciplinary nonsuit.
 DISCUSSION
This court recognizes that in Ruddock v. Burrowes the Supreme Court decided that Section 52-592 (a) does not categorically exclude disciplinary dismissals from the class of dismissals that properly may be characterized as arising from "any matter of form". The Supreme Court held:
 "Whether the statute applies cannot be decided in a factual vacuum. To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a `matter of form' in the sense that the plaintiff's non-compliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect."
Ruddock at 576, 577 [footnotes omitted].
At least one trial court has held:
 "Although no Connecticut case appears to address the issue, there is authority for the proposition that a party's voluntary dismissal of its action may serve as res judicata in a subsequent action by the same party."
Hampson v. Hampson, No. 910286204, October 7, 1999 Ct. Sup. 13457. The same court commented:
 ". . . [W]here the courts have used the term `with prejudice' at any stage of a judicial proceeding, it normally constitutes a final judgment on the merits which bars a later suit on the same cause of action."
However, in stating that conclusion the Trial Court, Judge Cutsumpas relies on several Federal cases. While this court readily acknowledges termination of litigation "with prejudice" under the Federal Rules, it is far less clear that dismissals or nonsuits "with prejudice" exist CT Page 5976 under Connecticut Statutory or Practice Book authority.
The court is faced with the situation where the plaintiff, although pro se, is a practicing attorney. Neither the presiding judge's denial of a continuance nor this court's exclusion of evidence has been the subject of an appeal. Since the plaintiff has chosen to accept a nonsuit, it would appear that neither of those decisions may be appealed. It appears that should the action be refiled the plaintiff would be forced to rely on Section 52-592[1] which provides in pertinent part:
 "If any action commenced within the time limit prescribed by law has failed one or more times to be tried on the merits . . . for any matter of form . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgement."
At the time of any refiling, a new trial court would be required to make "factual findings to determine the circumstances of the plaintiff's claimed justification" for failing to follow the court's order to proceed to trial.[2]
While having no reason to question that the plaintiff's failure to disclose his experts was inadvertent this court cannot fail but to note that the plaintiff voluntarily and deliberately tailed to proceed to trial. It is hard for the court to find that the non-suit was the result of "mistake, inadvertence, or excusable neglect". Certainly, a substantial burden will be placed upon the case flow function of civil trials if Section 52-592 (a) justifies refiling under the facts of this case.
Defense counsel has requested sanctions and costs pursuant to Practice Book Section 5-10
which in turn allows sanctions under General Statute Section 51-84. While the court finds Attorney Marcus' actions offensive to efficient court administration, Attorney Marcus has been candid in his intentions and the court declines to impose sanctions pursuant to Section 51-84.
Booth, J.